# UNITED STATES DISTRICT COURT
# DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| JEAN KARLO CONQUISTADOR, | : | |
| Plaintiff, | : | No. 3:19-cv-1450 (KAD) |
| | : | |
| v. | : | |
| | : | |
| FAHD SYED, et al., | : | |
| Defendants. | : | |
| | : | |

## INITIAL REVIEW ORDER

**Preliminary Statement**

Plaintiff, Jean Karlo Conquistador ("Conquistador"), currently confined at Bridgeport Correctional Center in Bridgeport, Connecticut, filed this complaint *pro se* under 42 U.S.C. § 1983. Conquistador asserts claims for deliberate indifference, retaliation, use of excessive force, and unlawful seizure of property in violation of his rights under the First, Fourth, Eighth, and Fourteenth Amendments against six defendants who work at Garner Correctional Institution ("Garner"): Captain Fahd Syed, and Officers Bakewell, Blekis, Kennedy, Colombo, and Allegne. Conquistador seeks damages against the defendants in their individual and official capacities.

On December 4, 2019, the court ordered Conquistador to show why his complaint should not be dismissed for failure to exhaust administrative remedies before commencing this action. Doc. No. 8. Conquistador has responded to that order explaining that he is on grievance restriction and the grievance procedures are unavailable to him. Doc. No. 9. The court now reviews the merits of Conquistador's claims.

**Standard of Review**

Under section 1915A of title 28 of the United States Code, the Court must review

prisoner civil complaints and dismiss any portion of the complaint that is frivolous or malicious, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. *Id.* In reviewing a *pro se* complaint, the Court must assume the truth of the allegations, and interpret them liberally to "raise the strongest arguments [they] suggest[]." *Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007). *see also Tracy v. Freshwater*, 623 F.3d 90, 101-02 (2d Cir. 2010) (discussing special rules of solicitude for *pro se* litigants). Although detailed allegations are not required, the complaint must include sufficient facts to afford the defendants fair notice of the claims and the grounds upon which they are based and to demonstrate a right to relief. *Bell Atlantic v. Twombly*, 550 U.S. 544, 555-56 (2007). Conclusory allegations are not sufficient. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570.

**Allegations**

On August 26, 2019, Disciplinary Investigator Snowden told Conquistador that he would be returning to the IPM2 Unit and continuing in the Chronic Discipline Program because he could not be held for more than two weeks pending the investigation of the Disciplinary Report issued by Correctional Guard Rehm for alleged threats. Doc. No. 1, IV. ¶ 1. He was escorted to IPM2, cell 606 at 11:40 a.m. *Id.* ¶ 2.

Conquistador complained that the cell had feces on the walls, floor, and toilet, smelled of urine, that the toilet did not work, and that there was no table or chair for him to sit and do paperwork. *Id.* ¶ 3. He was ignored for several hours. *Id.* ¶ 4.

Several hours later, Officer Falcone and defendant Alleyne delivered Conquistador's

2

bedroll and banker's box of legal files. *Id.* ¶ 5. He was handcuffed and directed to step out of the cell so his belongings could be placed in the cell. *Id.* ¶ 6. Conquistador objected to having his belongings placed in the cell and refused to re-enter the cell. *Id.* ¶ 7. He lay face-down on the floor and refused to walk back into the cell. *Id.* ¶ 8.

A few moments later, defendants Syed, Bakewell, Blekis, Kennedy and other officers arrived at the cell. *Id.* ¶ 9. Defendant Syed asked Conquistador, who was still on the floor, what the problem was. *Id.* ¶ 10. Conquistador described his objections to the cell condition. *Id.* Defendant Syed disregarded his concerns and ordered Conquistador to "get up and walk." *Id.* ¶ 11. When Conquistador objected, defendant Syed said that was his cell. *Id.* ¶¶ 12-13.

Conquistador continued to refuse to get up and enter the cell. *Id.* ¶ 14. He was picked up and carried into the cell. *Id.* ¶ 15. He was not being physically hostile or trying to attack any officer and did not make any sudden movements. *Id.* Inside the cell, defendant Alleyne twisted his left foot causing pain. *Id.* ¶ 16. Defendants Blekis and Kennedy twisted his wrists. *Id.* Defendant Bakewell sprayed him in the face with a chemical agent after defendant Syed ordered that the handheld camera not be turned on and that Conquistador's head be held up. *Id.* ¶ 16, 18. Defendant Kennedy grabbed Conquistador's neck to hold up his head. *Id.* ¶ 17. About a week prior to this incident, defendants Syed and Alleyne received copies of a complaint Conquistador had filed against them. *Id.* ¶ 20.

On August 30, 2019, defendants Bekis and Columbo transported Conquistador to Bridgeport Correctional Center ("Bridgeport") after Conquistador was arraigned for threats against Officer Rehm, a defendant in another lawsuit filed by Conquistador. *Id.* ¶ 21. When Conquistador asked them to get his property from the van, defendant Blekis said he was not

getting anything.  *Id.* ¶ 22.  They brought his property back to Garner Correctional Institution.  *Id.* ¶ 23.  Conquistador's television and white leather Reeboks are missing.  *Id.* ¶¶ 24-25.

**Discussion**

Conquistador identifies his claims as deliberate indifference, retaliation, excessive force, and unlawful seizure of his property in violation of his rights under the First, Fourth, Eighth, and Fourteenth Amendments.  He seeks damages from the defendants in their individual and official capacities.

Conquistador states that he was confined as a sentenced prisoner and, now, is incarcerated at Bridgeport as a pretrial detainee.  *Id.* at 2.  He was arraigned on August 30, 2019.  *Id.* ¶ 21.  Thus, Conquistador was a pretrial detainee at the time of his property claim and a sentenced prisoner at Garner Correctional Institution at the time of the incidents underlying all other claims.

**Use of Excessive Force**

The use of excessive force against a prisoner can constitute cruel and unusual punishment in violation of the Eighth Amendment.  *Hudson v. McMillian*, 503 U.S. 1, 4 (1992); *accord Wilkins v. Gaddy*, 559 U.S. 34, 34, 36 (2010) (per curiam).  The "core judicial inquiry" is not "whether a certain quantum of injury was sustained, but rather whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm."  *Wilkins*, 559 U.S. at 37 (quoting *Hudson*, 503 U.S. at 7).

To state a claim for use of excessive force, Conquistador must allege facts showing that, subjectively, the defendants acted maliciously or sadistically to cause harm rather than in a good-faith effort to maintain or restore discipline.  *Hudson*, 503 U.S. at 7.  To evaluate the defendants'

4

conduct, the court considers various factors including: the extent of the injuries and the mental state of the inmate; "the need for application of force; the correlation between that need and the amount of force used; the threat reasonably perceived by the defendants; and any efforts by the defendants to temper the severity of a forceful response." *Scott v. Coughlin*, 344 F.3d 282, 291 (2d Cir. 2003) (quoting *Romano v. Howarth*, 998 F.2d 101, 105 (2d Cir. 1993) (internal quotation marks omitted).

In addition, Conquistador must show, objectively, that the defendants' actions violated "contemporary standards of decency." *Blyden v. Mancusi*, 186 F.3d 252, 262-63 (2d Cir. 1999) (internal quotation marks omitted) (citing *Hudson*, 503 U.S. at 8). A *de minimis* use of force will rarely be sufficient to satisfy the objective element unless that force is also "repugnant to the conscience of mankind." *Wilkins*, 559 U.S. at 38 (quoting *Hudson*, 503 U.S. at 9-10 (internal quotation marks omitted)). However, it is the force used, not the injury sustained, that "ultimately counts." *Id.* A malicious use of force constitutes a per se Eighth Amendment violation because "contemporary standards of decency are always violated." *Blyden*, 186 F.3d at 263 (citing *Hudson*, 503 U.S. at 9).

Conquistador alleges that he did not make any sudden movements, act in a physically hostile manner, or attempt to attack any officer. However, under the direction and supervision of defendant Syed, defendant Alleyne twisted his left foot, defendants Blekis and Kennedy twisted his wrists, and defendant Bakewell sprayed him with a chemical agent. These allegations are sufficient to support a plausible excessive force claim.

**Retaliation**

Conquistador alleges that about a week before the excessive force incident, defendants

5

Syed and Alleyne received copies of a civil complaint Conquistador had filed against them. To state a retaliation claim, Conquistador must allege facts showing: (1) that he engaged in speech or conduct that was protected; "(2) that the defendant took adverse action against the plaintiff, and (3) that there was a causal connection between the protected speech and the adverse action." *Burns v. Martuscello*, 890 F.3d 77, 84 (2d Cir. 2018) (internal quotation marks and citations omitted).

Because retaliation claims are easily fabricated, the courts consider such claims with skepticism and require that they be supported by specific facts. Conclusory allegations of retaliatory conduct are not sufficient. *See Dolan v. Connolly*, 794 F.3d 290, 295 (2d Cir. 2015) ("First Amendment retaliation claims brought by prisoners must be 'supported by specific and detailed factual allegations,' not stated 'in wholly conclusory terms.'" (citation omitted)); *see also Washington v. Afify*, 681 F. App'x 43, 45–46 (2d Cir. 2017) ("[B]ecause prisoner retaliation claims are easily fabricated, and accordingly pose a substantial risk of unwarranted judicial intrusion into matters of general prison administration, we are careful to require non-conclusory allegations." (quoting *Bennett v. Goord*, 343 F.3d 133, 137 (2d Cir. 2003)).

Filing lawsuits is protected activity. *See Graham v. Henderson*, 89 F.3d 75, 80 (2d Cir. 1996) (seeking redress of grievances in judicial or administrative forum is protected activity). Use of force is an adverse action. Temporal proximity between protected conduct and an adverse action constitutes circumstantial evidence of retaliation. *Washington*, 681 F. App'x at 46. Conquistador alleges that the force was used against him a few days after defendants Syed and Alleyne received notice that Conquistador had sued them. Although Conquistador alleges no facts suggesting that any defendant acknowledged a relationship between the lawsuit and the

use of force, based on temporal proximity, the court will permit the retaliation claim to proceed at this time against Captain Syed and Officer Alleyne only.

**Conditions of Confinement**

Conquistador alleges that the defendants placed him in an unsanitary cell on August 26, 2019. He remained there for four days, from August 26 until August 30, 2019. The cell had feces on the walls, floor, and toilet, and smelled of urine. The toilet was inoperable and there was no table or chair in the cell.

To state an Eighth Amendment claim for unconstitutional conditions of confinement, Conquistador must allege that: "(1) objectively, the deprivation the inmate suffered was sufficiently serious that he was denied the minimal civilized measure of life's necessities, and (2) subjectively, the defendant official acted with a sufficiently culpable state of mind ..., such as deliberate indifference to inmate health or safety." *Walker v. Schult*, 717 F.3d 119, 125 (2d Cir. 2013) (internal quotation marks and citations omitted).

To satisfy the objective component of the test, Conquistador must allege facts showing that the conditions of confinement deprived him of a "basis human needs," such as "food, clothing, medical care, and reasonable safety." *Phelps v. Kapnolas,* 308 F.3d 180, 185 (2d Cir.2002) (per curiam). Conditions may be considered in the aggregate "only when they have a mutually enforcing effect that produces the deprivation of a single, identifiable human need such as food, warmth, or exercise." *Wilson v. Seiter,* 501 U.S. 294, 304 (1991) (noting that "low cell temperature at night combined with a failure to issue blankets" may establish an Eighth Amendment violation). "[T]here is no static test to determine whether a deprivation is sufficiently serious; the conditions themselves must be evaluated in light of contemporary

7

standards of decency." *Jabbar v. Fischer,* 683 F.3d 54, 57 (2d Cir.2012) (citation and internal quotation marks omitted).

Subjectively, Conquistador must show that the defendants were more than negligent. *Farmer v. Brennan,* 511 U.S. 825, 835 (1994). "The prison official must know of, and disregard, an excessive risk to inmate health or safety." *Jabbar*, 683 F.3d at 57. Conquistador may satisfy this component by presenting evidence that a risk was "obvious or otherwise must have been known to a defendant*."* *Brock v. Wright*, 315 F.3d 158, 164 (2d Cir. 2003).

The Second Circuit has long recognized that unsanitary conditions in a prison cell, if egregious, can constitute cruel and unusual punishment in violation of the Eighth Amendment. *Walker v. Schult*, 717 f.3d 119, 127 (2d Cir. 2013) (citing cases). In *Gaston v. Coughlin*, 249 F.3d 156 (2d Cir. 2001), although the complaint listed many objectionable conditions, the Second Circuit specifically stated that it was cruel and unusual punishment to permit an inmate to remain in an area filled with sewage and excrement for several days. *Id.* at 166. In light of this pronouncement and Conquistador's allegation that the defendants were aware of the condition of the cell, the court will permit Conquistador's conditions of confinement claim to proceed.

Conquistador does not, however, indicate who ordered him placed in the cell. As Captain Syed is the only supervisory official named in this action, the court assumes, for purposes of this order, that Captain Syed made the cell assignment. The conditions of confinement claim will proceed against Captain Syed only.

**Loss of Property**

Conquistador alleges that defendants Blekis and Columbo illegally seized his property

8

when they returned the property to Garner Correctional Institution instead of leaving it with him at Bridgeport. He alleges that this action violated his Fourth Amendment rights.

The Supreme Court has held that "the Fourth Amendment proscription against unreasonable searches does not apply within the confines of the prison cell." *Hudson v. Palmer*, 468 U.S. 517, 526 (1984). Nor does the Fourth Amendment apply when property is taken from an inmate's cell. *See id.* at 528 n.8 ("the same reasoning that lead us to conclude that the Fourth Amendment's proscription against unreasonable searches in inapplicable in a prison cell, apply with controlling force to seizures) and at 540 (O'Connor, J., concurring) ("[T]he constitutional sources that provide [prisoners'] property with protection … [are] the Fifth and Fourteenth Amendments not the Search and Seizure Clause of the Fourth Amendment."); *see also Taylor v. Knapp*, 871 F.2d 803, 806 (9th Cir. 1988) ("[T]he fourth amendment does not protect an inmate from the seizure and destruction of his property."), *cert. denied*, 493 U.S. 868 (1989).

Although Conquistador's television and sneakers were not taken from his cell, the items were "taken" while Conquistador was a prisoner being transported from one facility to another. Thus, any Fourth Amendment claim is dismissed. However, Conquistador's claim is appropriately considered under the Fourteenth Amendment.

The Due Process Clause protects against the deprivation of liberty and property without due process of law. *Wilkinson v. Austin*, 545 U.S. 209, 221 (2005). Its protections apply to both convicted prisoners and pretrial detainees. *Bell v. Wolfish*, 441 U.S. 520, 554 (1979). However, a prisoner has no due process claim based on an unauthorized deprivation of property if there is a meaningful state post-deprivation remedy for the loss. *Hudson v. Palmer*, 468 U.S. 517, 533 (1984). Connecticut inmates may file a claim with the Lost Property Board and, if that claim is

denied, can file a claim with the Office of the Connecticut Claims Commissioner. *See* Department of Correction Administrative Directive 9.6(16)(B), available at portal.ct.gov/DOC; Conn. Gen. Stat. § 4-142. The Second Circuit has found that these remedies are adequate state post-conviction remedies. *See Riddick v. Semple*, 731 F. App'x 11, 13-14 (2d Cir. 2018). Accordingly, Conquistador cannot state a cognizable claim against defendants Blekis and Columbo regarding his television and sneakers. The property claim is dismissed pursuant to 28 U.S.C. § 1915A(b)(1).

**Request for Damages**

Conquistador seeks damages but does not specify whether he seeks damages from the defendants in their individual or official capacities. The Eleventh Amendment bars claims for damages against state officials in their official capacities unless the state has waived this immunity or Congress has abrogated it. *Kentucky v. Graham*, 473 U.S. 159, 169 (1995). Section 1983 does not abrogate state sovereign immunity, *Quern v. Jordan*, 440 U.S. 332, 343 (1979), and Conquistador has alleged no facts suggesting that Connecticut has waived this immunity. Accordingly, all claims for damages against the defendants in their official capacities are dismissed pursuant to 28 U.S.C. § 1915A(b)(2).

**Orders**

For all the foregoing reasons, the Fourth and Fourteenth Amendment claims for lost property and all requests for damages from the defendants in their official capacities are **DISMISSED** pursuant to 28 U.S.C. § 1915A(b). As the only claim against Officer Columbo has been dismissed, the Clerk is directed to terminate him as a defendant.

The case will proceed on Conquistador's excessive force claim against defendants

Captain Syed, and Officers Alleyne, Blekis, Kennedy, and Bakewell; retaliation claims against Captain Syed and Officer Alleyne, and the deliberate indifference to conditions of confinement claim against Captain Syed. All claims are against the defendants in their individual capacities only.

The Court enters the following additional orders:

(1) **The Clerk shall** verify the current work addresses for defendants Syed, Bakewell, Blekis, Kennedy, and Alleyne with the Department of Correction Office of Legal Affairs, mail a waiver of service of process request packet to each defendant at the address provided on or before February 5, 2020, and report to the court on the status of the waiver request on the thirty-fifth day after mailing. If any defendant fails to return the waiver request, the Clerk shall make arrangements for in-person service by the U.S. Marshals Service on the defendant in his or her individual capacity and the defendant shall be required to pay the costs of such service in accordance with Federal Rule of Civil Procedure 4(d).

(2) T**he Clerk shall** send Conquistador a copy of this Order.

(3) **The Clerk shall** send a courtesy copy of the Complaint and this Order to the Connecticut Attorney General and the Department of Correction Office of Legal Affairs.

(4) The defendants shall file their response to the complaint, either an answer or motion to dismiss, within **sixty (60) days** from the date the waiver forms are sent. If they choose to file an answer, they shall admit or deny the allegations and respond to the cognizable claim recited above. They also may include all additional defenses permitted by the Federal Rules.

(5) Discovery, pursuant to Federal Rules of Civil Procedure 26 through 37, shall be completed on or before **August 15, 2020**. Discovery requests need not be filed with the court.

(6) All motions for summary judgment shall be filed on or before **September 15, 2020.**

(7) Pursuant to Local Civil Rule 7(a), a nonmoving party must respond to a dispositive motion within twenty-one (21) days of the date the motion was filed. If no response is filed, or the response is not timely, the dispositive motion can be granted absent objection.

(8) If Conquistador changes his address at any time during the litigation of this case, Local Court Rule 83.1(c)2 provides that he MUST notify the court. Failure to do so can result in the dismissal of the case. Conquistador must give notice of a new address even if he is incarcerated. Conquistador should write PLEASE NOTE MY NEW ADDRESS on the notice. It is not enough to just put the new address on a letter without indicating that it is a new address. If Conquistador has more than one pending case, he should indicate all the case numbers in the notification of change of address. Conquistador should also notify the defendants or the attorney for the defendants of his new address.

(9) Conquistador shall utilize the Prisoner Efiling Program when filing documents with the court. Conquistador is advised that the Program may be used only to file documents with the court. As local court rules provide that discovery requests are not filed with the court, discovery requests must be served on defendants' counsel by regular mail.

(10) The Clerk shall immediately enter the District of Connecticut Standing Order Re: Initial Discovery Disclosures concerning cases initiated by self-represented inmates and shall send a copy to Conquistador.

**SO ORDERED** at Bridgeport, Connecticut, this 15th day of January 2020.

/s/
Kari A. Dooley
United States District Judge