UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | : | |
|---|---|---|
| JEAN K. CONQUISTADOR, | : | |
| Plaintiff, | : | No. 3:19-cv-1450 (KAD) |
| | : | |
| v. | : | |
| | : | |
| FAHD SYED, et al., | : | |
| Defendants. | : | |
| | : | |

**MEMORANDUM OF DECISION**

Plaintiff Jean K. Conquistador ("Conquistador"), has filed a second motion to compel depositions. The defendants object on the grounds that Conquistador failed to correct the deficiencies identified in the order denying the first motion to compel depositions and again did not comply with the requirements of Federal Rule of Civil Procedure 37(a) before filing his motion. For the following reasons, Conquistador's motion is denied.

Federal Rule of Civil Procedure 37 requires that a motion to compel "must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action." Fed. R. Civ. P. 37(a)(1). As the federal rule applies to all parties, the plaintiff is required to comply with the good faith requirement in Rule 37(a)(1).

Conquistador has filed a document which he puts forth as his certification in support of his motion to compel, Doc. No. 50, in which he states: "'This movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure of discovery.' See any and all pertinent filings on the docket, including but not limiting it to Exhibits." In support of his

first motion to compel depositions, Conquistador submitted a statement that he had attempted to confer with the defendants or their attorney. In the order denying the first motion, the court stated that the "certification was too conclusory to meet the rigors of Rule 37(a)." Doc. No. 45. The instant certification is equally deficient. Conquistador does not attach emails, letters or other evidence of efforts to communicate with defendants' counsel. Nor is the reference to "any and all pertinent filings" adequate. It is not the court's obligation to parse every docket entry to determine whether Conquistador complied with the requirement that he confer in good faith. The court has, however, reviewed the exhibits attached to the motion to compel. Only one email is dated after the October 2, 2020 order denying the first motion to compel depositions and that email merely states that notices of deposition will be forthcoming. It does not demonstrate any good faith effort to resolve issues surrounding the scheduling of depositions. *See* Doc. No. 49-1 at 7-8. The Defendants further aver that no effort was made to discuss this issue before the second motion to compel was filed.

Further, the court denied the first motion to compel because the deposition notice listed multiple defendants, which did not comply with Federal Rule of Civil Procedure 30(b). The defendants aver that Conquistador never corrected the initial notice and that the notices of deposition referenced in the November 9, 2020 email were never actually served. Indeed, Conquistador has not submitted any evidence that any of the defendants' depositions were properly noticed. As Conquistador has not properly noticed the deposition of any defendant, his motion is denied.

Finally, the court observes, as it has in the past, that if Conquistador intends to take the depositions of the defendants, he should reach out to defendants' counsel to obtain mutually

agreeable dates and thereafter notice the depositions for those agreed upon dates as required under Rule 30(b). The court is confident defendants' counsel will cooperate in this endeavor. While it is likely to be difficult to conduct all of these depositions prior to the close of discovery, the court would be willing to extend the discovery deadline if the scheduling and noticing of the defendants' depositions are in progress as evidenced by ongoing communications between the Plaintiff and defense counsel.

Conquistador's motion to compel depositions [**Doc. No. 49**] is **DENIED**

**SO ORDERED** at Bridgeport, Connecticut, this 23rd day of April 2021.

/s/
Kari A. Dooley
United States District Judge