UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| JEAN K. CONQUISTADOR, | ) | CASE NO. 3:19-cv-1450 (KAD) |
| *Plaintiff*, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| FAHD SYED, et al., | ) | DECEMBER 20, 2022 |
| *Defendants*. | ) | |

**MEMORANDUM OF DECISION RE: DEFENDANTS' MOTION FOR SUMMARY JUDGMENT [Doc. No. 83]**

Kari A. Dooley, United States District Judge

The Plaintiff, Jean K. Conquistador ("Conquistador"), commenced this civil rights action while incarcerated against multiple defendants. Following initial review, the Court permitted three claims to proceed: an Eighth Amendment excessive force claim against Defendants Captain Syed and Officers Alleyne,[1] Blekis, Kennedy, and Bakewell; a First Amendment retaliation claim against Captain Syed and Officer Alleyne; and an Eighth Amendment deliberate indifference to conditions of confinement claim against Captain Syed. *See* Doc. No. 10.

Defendants Syed, Alleyne, Blekis, Kennedy, and Bakewell ("the Defendants") seek summary judgment on all claims on two distinct grounds: the record evidence fails to support Conquistador's claims or, alternatively, they are protected by qualified immunity. For the following reasons, the motion for summary judgment is GRANTED in part and DENIED in part.

**Standard of Review**

A motion for summary judgment may be granted only where there is no genuine dispute

---

[1] Conquistador incorrectly names this defendant as Officer Allegne in the Complaint. The Court uses the correct spelling.

as to any material fact and the moving party is entitled to judgment as a matter of law. Rule 56(a), Fed. R. Civ. P.; *see also Nick's Garage, Inc. v. Progressive Cas. Ins. Co.,* 875 F.3d 107, 113–14 (2d Cir. 2017). "A genuine issue of material fact exists if 'the evidence is such that a reasonable jury could return a verdict for the nonmoving party.'" *Nick's Garage*, 875 F.3d at 113–14 (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). Which facts are material is determined by the substantive law. *See Anderson*, 477 U.S. at 248. "The same standard applies whether summary judgment is granted on the merits or on an affirmative defense …." *Giordano v. Market Am., Inc*., 599 F.3d 87, 93 (2d Cir. 2010).

The moving party bears the initial burden of informing the court of the basis for its motion and identifying the admissible evidence it believes demonstrates the absence of a genuine issue of material fact. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Once the moving party meets this burden, the nonmoving party must set forth specific facts showing that there is a genuine issue for trial. *See Wright v. Goord*, 554 F.3d 255, 266 (2d Cir. 2009). He cannot "rely on conclusory allegations or unsubstantiated speculation" but "must come forward with specific evidence demonstrating the existence of a genuine dispute of material fact." *Robinson v. Concentra Health Servs.*, 781 F.3d 42, 44 (2d Cir. 2015) (quotation marks and citation omitted). To defeat a motion for summary judgment, the nonmoving party must present such evidence as would allow a jury to find in his favor. *See Graham v. Long Island R.R.*, 230 F.3d 34, 38 (2d Cir. 2000).

Although the court is required to read a self-represented "party's papers liberally and interpret them to raise the strongest arguments that they suggest," *Willey v. Kirkpatrick*, 801 F.3d 51, 62 (2d Cir. 2015), "unsupported allegations do not create a material issue of fact" and do not overcome a properly supported motion for summary judgment. *Weinstock v. Columbia Univ.*, 224

2

F.3d 33, 41 (2d Cir. 2000).

**Facts[2]**

On August 26, 2019, Conquistador was a sentenced prisoner confined at Garner Correctional Institution. Defs.' Local Rule 56(a)1 Statement, Doc. No. 83-2, ¶ 1. The incident underlying this action occurred on August 27, 2019.[3] *Id.* ¶ 2.

Conquistador was assigned to cell IPM 2-606. *Id.* ¶ 3. At 2:35 p.m., Conquistador was removed from his cell so his property could be put inside the cell. *Id.* ¶ 4. After his property was put in the cell, Conquistador refused to reenter the cell. *Id.* ¶ 5. He became agitated and Officers Falcon and Alleyne tried to escort him back into the cell. *Id.* ¶ 6. Conquistador dropped to the ground, taking one officer with him. *Id.* ¶ 7.

Officer Falcone reported Conquistador's refusal to enter the cell to Captain Syed, the unit supervisor on August 27, 2019. *Id.* ¶¶ 8–9. Captain Syed and additional officers went to the cell to assist. *Id.* ¶ 10. Captain Syed issued a verbal command for Conquistador to reenter the cell, but Conquistador refused to comply and continued to resist entering the cell. *Id.* ¶¶ 11–12. On order

---

[2] The facts are taken from the Defendants' Local Rule 56(a) Statements and supporting exhibits. Local Rule 56(a)2 requires the party opposing summary judgment to submit a statement which contains separately numbered paragraphs corresponding to the Local Rule 56(a)1 Statement and indicating whether the opposing party admits or denies the facts set forth by the moving party. Each denial must include a specific citation to an affidavit or other admissible evidence. D. Conn. L. Civ. R. 56(a)3. Conquistador is aware of his obligation to respond to the motion for summary judgment and has filed multiple requests for extensions of time within which to do so. His final extension of time expired on July 5, 2022. As Conquistador has not responded to the motion, the Defendants' facts are deemed admitted. *See* D. Conn. L. Civ. R. 56(a)1 ("All material facts set forth in said statement and supported by the evidence will be deemed admitted unless controverted by the statement required to be filed and served by the opposing party in accordance with Rule 56(a)2."). Additionally, Conquistador's complaint is verified. Thus, the Court construes the verified complaint as an affidavit for summary judgment purposes and considers statements therein made on personal knowledge. *See Curtis v. Cenlar FSB*, 654 F. App'x 17, 20 (2d Cir. 2016) ("Though we may treat [plaintiff's] verified complaint as an affidavit for summary judgment purposes, 'the allegations contained therein can suffice to defeat summary judgment only insofar as they were made on personal knowledge.'") (quoting *Conlon v. Coughlin*, 58 F.3d 865, 872 (2d Cir. 1995)).

[3] Conquistador alleges that the incident occurred on August 26, 2019, Doc. No. 1 ¶ 2, but the incident report has the date as August 27, 2019. The Court uses the date from the incident report.

from Captain Syed, officers carried Conquistador into the cell. *Id.* ¶ 13.

Inside the cell, the Defendants contend that Conquistador continued to resist and became more aggressive. *Id.* ¶ 16. Officer Bakewell deployed a single one-second burst of chemical agent into Conquistador's face to gain compliance. *Id.* ¶ 17. Immediately following the use of chemical agent, Conquistador began complying with orders. *Id.* ¶ 18. He was assisted to his feet and removed from the cell. *Id.* ¶ 19. Conquistador was then escorted to the showers for decontamination, but Conquistador refused shower decontamination. *Id.* ¶¶ 20–21. Conquistador's handcuffs were switched from the front to the back, and he was escorted to restrictive housing. *Id.* ¶¶ 22–23. Conquistador underwent a routine strip search and was given a clean jumpsuit, t-shirt, socks, and boxers. *Id.* ¶ 24. Medical staff arrived and decontaminated Conquistador with a saline solution. *Id.* ¶ 25. He was then medically reviewed and cleared for restrictive housing placement. *Id.* Conquistador's restraints were removed through the cell food trap. *Id.* ¶ 26.

**Discussion**

Conquistador alleges excessive force in violation of the Eighth Amendment against defendants Captain Syed and Officers Alleyne, Blekis, Kennedy and Bakewell, retaliation in violation of the First Amendment against Captain Syed and Officer Alleyne and deliberate indifference to conditions of confinement in violation of the Eighth Amendment against Captain Syed.

*Excessive Force*

Conquistador contends that Captain Syed and Officers Alleyne, Blekis, Kennedy and Bakewell used excessive force against him when he refused to re-enter his cell. To prevail on a claim for use of excessive force in violation of the Eighth Amendment, Conquistador must present

4

evidence establishing objective and subjective components. *See Sims v. Artuz*, 230 F.3d 14, 20–21 (2d Cir. 2000). The objective component focuses on the harm done to the prisoner in light of contemporary standards of decency. The amount of harm required to establish excessive force depends on the nature of the claim. *See id.* at 21. Although some degree of injury resulting from the force used is generally required, Conquistador need not show that he suffered a significant injury to state a claim for use of excessive force. *See Wilkins v. Gaddy*, 559 U.S. 34, 34 (2010) ("[T]he use of excessive physical force against a prisoner may constitute cruel and unusual punishment [even] when the inmate does not suffer serious injury.") (quoting *Hudson v. McMillian*, 503 U.S. 1, 4 (1992)). However, "not 'every malevolent touch by a prison guard gives rise to a federal cause of action.'" *Id.* at 37 (quoting *Hudson*, 503 U.S. at 9). A *de minimis* use of force will rarely be sufficient to satisfy the objective component unless the force used is also "repugnant to the conscience of mankind." *Id.* at 38. The subjective component of the excessive force standard requires a showing that the use of force was "carried out 'maliciously and sadistically' rather than as part of 'a good faith effort to maintain or restore discipline.'" *Id.* at 40 (quoting *Hudson*, 503 U.S. at 9). Conquistador bears the burden of establishing both components. *See Sims*, 230 F.3d at 20–21.

The extent of the inmate's injuries is one factor courts consider to determine whether correctional staff could have, in good faith, believed the force used was necessary under the circumstances. *Hudson*, 503 U.S. at 7. Other factors include "the need for application of force, the relationship between that need and the amount of force used, the threat reasonably perceived by the responsible officials, and any efforts made to temper the severity of a forceful response." *Id.* (internal quotation marks and citation omitted).

Conquistador's excessive force claim is based on the Defendants' conduct after he was carried into the cell. Conquistador alleges that he was not being hostile or making sudden movements when Officer Alleyne twisted his left foot, Officers Kennedy and Blekis twisted his wrists and Officer Bakewell sprayed his face with a chemical agent. *See* Compl., Doc. No. 1 ¶¶ 15–16. The Defendants describe the incident differently in the incident report. Captain Syed states that Conquistador became more resistant in the cell and "continued to pull staff to the floor, thrashing his weight from side to side and failing to follow my instructions." Doc. No. 83-4 at 9. The only video footage of this incident—taken from outside the cell— begins after the Defendants allegedly used excessive force. Although the cell had a large window, Conquistador was on the floor and not visible through the window. All that can be seen is a correctional officer bending over Conquistador. The Court further observes that when Conquistador is removed from the cell, he is loudly proclaiming that he was not resisting the officers and that the officers had used excessive force in the deployment of the chemical agent.

Using a chemical agent against a compliant inmate has been considered a use of excessive force. *See Hinton v. Pearson*, No. 3:21-cv-863 (MPS), 2021 WL 4521994, at *6 (D. Conn. Oct. 4, 2021) (citation omitted). As the parties have submitted conflicting evidence regarding whether Conquistador was compliant after he was carried into the cell, there is a genuine issue for trial on the excessive force claim. The Defendants' motion for summary judgment is denied on the merits of the excessive force claim.

*Retaliation*

Conquistador alleges that the incident involving the use of excessive force occurred a few days after Captain Syed and Officer Alleyne received complimentary copies of a complaint he had

6

filed against them. To establish a First Amendment retaliation claim, Conquistador must establish three elements: (1) he engaged in protected speech or conduct; (2) the defendant took an adverse action against him; and (3) there was a causal connection between the protected speech or conduct and the adverse action. *Dolan v. Connolly*, 794 F.3d 290, 294 (2d Cir. 2015).

Conquistador alleges that he had filed a lawsuit naming Captain Syed and Officer Alleyne as defendants. Filing a lawsuit is protected activity. *See Graham v. Henderson*, 89 F.3d 75, 80 (2d Cir. 1996). Although Conquistador does not identify the lawsuit, the court notes that Captain Syed and Officer Alleyne are defendants in *Conquistador v. Hannah*, No. 3:19-cv-1293(KAD), which was filed on August 19, 2019, about a week before the alleged use of force in this case.

Whether conduct is considered adverse depends on the context in which it occurs. "Conduct that is properly initiated, reasonably executed, independently justified and equally administered—regardless of any animosity towards the plaintiff—does not rise to a constitutional claim for retaliation." *Diezel v. Town of Lewisboro*, 232 F.3d 92, 109 (2d Cir. 2000). In addition, prisoners may be required to tolerate more than public employees or average citizens before an action is considered adverse. *Id.* "[I]n the prisoner context, [the Second Circuit has] defined 'adverse action' objectively, as retaliatory conduct that would deter a similarly situated individual of ordinary firmness from exercising ... constitutional rights." *Gill v. Pidlypchak*, 389 F.3d 379, 381 (2d Cir. 2004) (citations and quotation marks omitted). The conduct underlying a retaliation claim need not, however, rise to the level of a constitutional violation to be considered adverse action. *See McCarroll v. Matteau*, No. 9:09-CV-0355 (NAM/TWD), 2012 WL 4380156, at *12 (N.D.N.Y. June 15, 2012). Conquistador claims that excessive force was used against him and "[i]t is well-settled that excessive force constitutes adverse action for the purposes of a retaliation

7

analysis." *Povoski v. Lacy*, No. 9:14-CV-97 (BKS/CFH), 2017 WL 9511094, at *15 (N.D.N.Y. Dec. 13, 2017) (citations omitted).

Finally, Conquistador must establish a causal connection between his protected speech and the adverse action. In other words, he must establish that the adverse action was motivated by retaliatory intent. Temporal proximity may serve as circumstantial evidence of retaliatory intent. *See Washington v. Afify*, 681 F. App'x 43, 46 (2d Cir. 2017). However, before a prisoner will be permitted to proceed to trial on a retaliation claim, he must present some further evidence of a retaliatory animus other than temporal proximity. *See Faulk v. Fisher*, 545 F. App'x 56, 58 (2d Cir. 2013) (citing *Bennett v. Goord*, 343 F.3d 133, 137 (2d Cir. 2003)); *see also Bennett*, 343 F.3d at 137 ("because prisoner retaliation claims are easily fabricated, and accordingly pose a substantial risk of unwarranted judicial intrusion into matters of general prison administration, we are careful to require non-conclusory allegations" (quotation marks and citation omitted)); *Ayers v. Stewart*, 101 F.3d 687, 1996 WL 346049, at *1 (2d Cir. 1996) ("[Plaintiff's] reliance on circumstantial evidence of retaliation—namely the proximity of the disciplinary action to his complaint where no misbehavior reports were previously filed against him—does not suffice to defeat summary judgment.").

Conquistador has presented no evidence in opposition to the motion for summary judgment demonstrating retaliatory animus by Defendant Syed or Alleyne. Thus, he has failed to raise a genuine issue of material fact on the third element of his retaliation claim. The motion for summary judgment is granted with respect to the First Amendment retaliation claim.

*Conditions of Confinement*

Conquistador alleges that Cell 606, in which he was confined for four days, had feces on the walls, floor and toilet and smelled of urine. In addition, he alleged that the toilet was inoperable and that the cell had no table or chair. *See* Complaint, Doc No. 1, at 3–4. The Court permitted the claim to proceed against Captain Syed on initial review based on Conquistador's allegation that the Defendants were aware of the alleged unsanitary conditions and the Court's assumption that Captain Syed had assigned Conquistador to Cell 606. *See* Doc. No. 8.

To establish a cognizable Eighth Amendment claim for unconstitutional conditions of confinement, Conquistador must present evidence establishing an objective element, that "the deprivation was sufficiently serious that he was denied the minimal civilized levels of life's necessities," and a subjective element, that the defendant "acted with a sufficiently culpable state of mind, such as deliberate indifference to inmate health or safety." *Washington v. Artus*, 708 F. App'x 705, 708 (2d Cir. 2017) (summary order) (quoting *Walker v. Schult*, 717 F.3d 119, 125 (2d Cir. 2013) (internal quotation marks omitted)). Conquistador must demonstrate through evidence that Captain Syed knew "of and disregard[ed] an excessive risk to inmate health or safety," that is, that he was "aware of facts from which the inference could be drawn that a substantial risk of serious harm exist[ed] and ... dr[ew] that inference." *Phelps v. Kapnolas*, 308 F.3d 180, 185–86 (2d Cir. 2002).

Objectively, the seriousness of the conditions imposed is determined based on contemporary standards of decency. *See Walker*, 717 F.3d at 125. The inquiry focuses on the "severity and duration" of the conditions, not any "resulting injury." *Darnell v. Pineiro*, 849 F.3d 17, 30 (2d Cir. 2017) (citing *Willey v. Kirkpatrick*, 801 F.3d 51, 68 (2d Cir. 2015)). "[U]nsanitary conditions in a prison cell can, in egregious circumstances, rise to the level of cruel and unusual

9

punishment." *Walker*, 717 F.3d at 127 (holding that allegation of exposure "to human excrement and bodily fluids in a poorly ventilated cell over the course of multiple days" sufficiently alleged objective component of conditions of confinement claim). The Supreme Court has affirmed a Court of Appeals finding that an inmate alleging that "for six full days ... [he was confined] in a pair of shockingly unsanitary cells," the first of which "was covered nearly floor to ceiling in 'massive amounts' of feces," and the second of which was "frigidly cold" and "equipped with only a clogged floor drain to dispose of bodily wastes," stated an Eighth Amendment violation. *Taylor v. Riojas*, 141 S. Ct. 52, 53 (2020) (per curiam); *see also Gaston v. Coughlin*, 249 F.3d 156, 165 (2d Cir. 2001) (vacating summary judgment as to Eighth Amendment claim where plaintiff asserted, *inter alia*, that "for several consecutive days…his cell was filled with human feces, urine and sewage water"). However, "where exposure to such waste is intermittent or limited to a matter of hours, courts normally will not entertain such actions. 'The Eighth Amendment is generally not violated…where unsanitary conditions are temporary'…Judges in this district have repeatedly declined to find that sporadic or brief exposures to waste represented cruel and unusual punishment." *Ortiz v. Department of Corr.*, No. 08 Civ. 2195 (RJS/HBP), 2011 WL 2638137, at *7, 9 (S.D.N.Y. Apr. 29, 2011), *report & rec. adopted sub nom. Ortiz v. Hernandez*, 2011 WL 2638140 (S.D.N.Y. July 5, 2011).

In support of the motion for summary judgment, Captain Syed submitted the declaration of Defendant Officer Bakewell, who states that he entered Conquistador's cell on August 27, 2019 but did not see any feces or urine on the floor or walls of his cell. Doc. No. 85-3 ¶ 19. Officer Bakewell also states that he did not smell feces or urine in the cell. *Id.* A portion of the cell, including the toilet, is visible on video footage submitted by the Defendants. The footage shows

no feces on the walls, floor or toilet.

"When opposing parties tell two different stories, one of which is blatantly contradicted by the [video] record, so that no reasonable jury could believe it, a court should not adopt that version of the facts for purposes of ruling on a motion for summary judgment." *Scott v. Harris*, 550 U.S. 372, 380 (2007); *see also Zellner v. Summerlin*, 494 F.3d 344, 371 (2d Cir. 2007) ("Incontrovertible evidence relied on by the moving party, such as a relevant videotape whose accuracy is unchallenged, should be credited by the court on [a motion for summary judgment] if it so utterly discredits the opposing party's version that no reasonable jury could fail to believe the version advanced by the moving party."). Conquistador does not challenge the accuracy of the videotape submitted by the Defendants. As the videotape shows that the walls, floor and toilet were not covered in feces, Conquistador fails to establish the objective element—that he was denied the minimum civilized level of life's necessities—by confinement in a cell covered with feces and urine. The motion for summary judgment is granted on the conditions claim relating to the state of the cell walls and floor.

Conquistador also alleges that the toilet was inoperable. The Defendants provide no evidence regarding the functioning of the toilet. Instead, they cite cases from other jurisdictions to support their claim that broken fixtures do not support a claim for unconstitutional conditions of confinement. In *Willey v. Kirkpatrick*, 801 F.3d 51 (2d Cir. 2015), however, the Second Circuit found that the inmate stated an Eighth Amendment conditions claim where he alleged that prison officials "placed him in solitary confinement with a Plexiglas shield restricting the airflow to his small cell and then incapacitated his toilet so he was reduced to breathing a miasma of his own accumulating waste." *Id.* at 55, 68 (vacating dismissal of conditions claim). As the Defendant have

provided no evidence as to this claim, the Court assumes that the inoperable toilet denied Conquistador the minimal civilized level of life's necessities.

To survive summary judgment, however, Conquistador must present evidence showing that Captain Syed was aware that the toilet was inoperable and disregarded that fact when he assigned Conquistador to the cell. Conquistador presents no evidence in opposition to the motion for summary judgment, or in support of his complaint, showing that Captain Syed knew that the toilet was inoperable. Conquistador's assumption, which is not based on his personal knowledge, is insufficient to oppose the motion for summary judgment. *See Curtis v. Cenlar FSB*, 654 F. App'x 17, 20 (2d Cir. 2006) (only allegations in a verified complaint that are based on personal knowledge may be considered in opposition to a motion for summary judgment) (citation omitted). As Conquistador has presented no evidence to support the subjective component of the claim, the motion for summary judgment is granted on the Eighth Amendment claim arising out of the purportedly inoperable toilet.

Finally, Conquistador alleges that the cell lacked a table and chair. Research reveals no reported cases in this circuit holding that an inmate has a constitutional right to a table and chair in his cell. Nor does Conquistador allege any facts or present any evidence showing that the lack of a table and chair in his cell deprived him of a life necessity. Accordingly, Conquistador has not raised a genuine issue of fact regarding the objective seriousness of the conditions of his confinement. The Defendants' motion for summary judgment is granted on the Eighth Amendment claim arising out of the lack of a table and chair in his cell.

*Qualified Immunity*

Finally, the Court considers whether the Defendants are protected by qualified immunity

on the excessive force claim. Qualified immunity "protects government officials 'from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.'" *Pearson v. Callahan*, 555 U.S. 223, 231 (2009) (quoting *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982)). Qualified immunity would be denied to an official only if (1) the facts alleged or shown by the plaintiff state a violation of a statutory or constitutional right by the official and (2) the right was clearly established at the time of the challenged conduct. *See Ashcroft v. al-Kidd*, 563 U.S. 731, 735 (2011) (citation omitted). The district court has the discretion to determine, considering the circumstances surrounding the case, which of the two prongs of the qualified immunity standard to address first. *See Johnson v. Perry*, 859 F.3d 156, 170 (2d Cir. 2017) (quoting *Pearson*, 555 U.S. at 236).

Qualified immunity "affords government officials 'breathing room' to make reasonable— even if sometimes mistaken—decisions." *DiStiso v. Cook*, 691 F.3d 226, 240 (2d Cir. 2012) (quoting *Messerschmidt v. Millender*, 565 U.S. 535, 553 (2012)). "The qualified immunity standard is 'forgiving' and 'protects all but the plainly incompetent or those who knowingly violate the law.'" *Grice v. McVeigh*, 873 F.3d 162, 166 (2d Cir. 2017) (quoting *Amore v. Novarro*, 624 F.3d 522, 530 (2d Cir. 2010)).

The Supreme Court repeatedly has stated that "'clearly established law' should not be defined 'at a high level of generality.'" *White v. Pauly*, 580 U.S. 73, 137 S. Ct. 548, 552 (2017) (quoting *al-Kidd*, 563 U.S. at 742); *see also City of Escondido v. Emmons*, ___ U.S. ___, 139 S. Ct. 500, 503 (2019) ("Under our cases, the clearly established right must be defined with specificity. 'This Court has repeatedly told courts … not to define clearly established law at a low level of generality.'") (internal citation omitted)). The legal principle at issue must clearly prohibit

13

the officer's conduct in the particular circumstances before him. *District of Columbia v. Wesby*, ___ U.S. ___, 138 S. Ct. 577, 590 (2018); *see also Grice*, 873 F.3d at 166 ("rights are only clearly established if a court can 'identify a case were an officer acting under similar circumstances' was held to have acted unconstitutionally") (quoting *White*, 137 S. Ct. at 552). However, it is not necessary to identify a decision squarely on point to defeat qualified immunity. *See Anderson v. Creighton*, 483 U.S. 635, 640 (1987) ("That is not to say that an official action is protected by qualified immunity unless the very action in question has previously been held unlawful….").

In considering whether a right is clearly established, the court must consider Supreme Court or Second Circuit cases and determine what a reasonable officer would understand in light of that law. *Terebesi v. Torreso*, 764 F.3d 217, 231 (2d Cir. 2014); *see Camreta v. Greene*, 563 U.S. 692, 709 n.7 (2011) ("district court decisions—unlike those from the courts of appeal—do not necessarily settle constitutional standards or prevent repeated claims of qualified immunity"). The court considers whether a holding prohibits the conduct in question as well as whether decisions clearly foreshadow such a ruling. *See Terebesi*, 764 F.3d at 231. Absent a "case of controlling authority" or "a consensus of cases of persuasive authority," the officers "cannot have been 'expected to predict the future course of constitutional law.'" *Wilson v. Layne*, 526 U.S. 603, 617 (1999) (quoting *Procunier v. Navarette*, 434 U.S. 555, 562 (1978)).

The Defendants argue that they are entitled to qualified immunity because any decisions they made regarding the amount of force used were reasonable decisions intended to preserve institutional security. "[A]n official is entitled to qualified immunity if, considering the law that was clearly established at the time, the official's conduct was 'objectively legally reasonable.'" *Nazario*, 2022 WL 2358504, at *8. "The objective reasonableness of an official's conduct 'is a

14

mixed question of law and fact.'" *Id.* "At the summary judgment stage, while a conclusion that an official's conduct 'was objectively reasonable as a matter of law may be appropriate where there is no dispute as to the material historical facts, if there is such a dispute, the factual question must be resolved by the factfinder.'" *Id.*

As the Court noted above, however, the parties have presented conflicting evidence regarding whether Conquistador was resisting at all when he was in the cell and there is no clear video evidence of what transpired. If a jury were to find that Conquistador was not resisting the officers when the force was used, they would not be entitled to qualified immunity. *See Frost v. New York City Police Dep't*, 980 F.3d 231, 254, 255 (2d Cir. 2020) ("our caselaw makes clear that it is unconstitutional for officers to strike an individual who is compliant and does not pose an imminent risk of harm to others"; noting that summary judgment on the basis of qualified immunity also not warranted because reasonable jury could find that inmate was not resisting or threatening correctional officers when force was used); *see also Tracy v. Freshwater,* 623 F.3d 90, 98 (2d Cir. 2010) (concluding that "a reasonable juror could find that the use of pepper spray deployed mere inches away from the face of a defendant already in handcuffs and offering no further active resistance constituted an unreasonable use of force").

As the Court cannot, at this time, determine whether the Defendants' actions were objectively reasonable under the circumstances, the Court cannot determine, as a matter of law that the Defendants are entitled to qualified immunity. *See Hemphill v. Schott*, 141 F.3d 412, 418 (2d Cir. 1998) ("[S]ummary judgment based either on the merits or on qualified immunity requires that no dispute about material factual issues remain....").

**Conclusion**

The Defendants' motion for summary judgment [Doc. No. 83] is **GRANTED** with respect to the First Amendment retaliation claim and the Eighth Amendment conditions of confinement claim and **DENIED** with respect to the Eighth Amendment excessive force claim. The case will proceed to trial on Conquistador's excessive force claim against Defendants Syed, Alleyne, Kennedy, Blekis and Bakewell.

**SO ORDERED** this 20th day of December 2022 at Bridgeport, Connecticut.

                                           *Kari A. Dooley*
                                           Kari A. Dooley
                                           United States District Judge