```
                UNITED STATES DISTRICT COURT
                  DISTRICT OF CONNECTICUT

JEAN K. CONQUISTADOR,              :
                                   :
     Plaintiff,                    :
                                   :
     v.                            :   CASE NO. 3:19CV1450(RAR)
                                   :
FAHD SYED, ET AL,                  :
                                   :
     Defendants.                   :
```

**RULING ON DEFENDANT'S MOTION TO DISMISS**

Currently pending before the Court is defendant's amended motion to dismiss pursuant to Rule 41(b) of the Federal Rules of Civil Procedure for failure to prosecute the case. (Dkt. #226.) The plaintiff has failed to file an objection or otherwise respond to defendant's motion.

For the reasons contained herein, defendant's motion to dismiss is GRANTED.

**I. Procedural History**

The *pro se* plaintiff, Jean K. Conquistador, who is an active litigant in this District, filed the initial complaint in this action on September 16, 2019 under 42 U.S.C. §1983, along with a motion to proceed *In Forma Pauperis*.[1] The case was assigned to the Honorable Kari A. Dooley. Judge Dooley scheduled jury selection for April 2, 2024 but due to a change

---

[1] The Court is primarily utilizing the information contained on the docket for this matter. Where necessary the Court will cite to specific docket entries or documents as (Dkt. #___.)

in her trial schedule, Judge Dooley informed the parties that she would not be able to hold the trial as scheduled in April of 2024. (Dkt. #172 and #174.)  Judge Dooley regrettably informed the parties that, given her trial schedule, the potential new trial date might be months away.  Following a status conference on January 24, 2024, both parties consented to jurisdiction by a U.S. Magistrate Judge with the hope of being able to obtain an earlier trial date than the potential dates that Judge Dooley had proposed. (Dkt. #190, #197, and #206.)

On February 15, 2024, following the filing of consent by both parties, this matter was transferred to the undersigned. (Dkt. #198.)  The undersigned set a schedule for the filing of a joint trial memo ("JTM") and indicated that after the submission of the JTM, a trial date would be set.  (Dkt. #200.)  To address issues that plaintiff was having with his email and his address on the docket, plaintiff updated the information with the Court on March 6, 2024. (Dkt. #201.) In an effort to confirm that plaintiff was fully aware of the deadline for filing the joint trial memorandum and to schedule a trial date on the docket, the undersigned scheduled a status conference via zoom for March 18, 2024. (Dkt. #202.)

In advance of the conference, plaintiff filed a number of motions, all styled as emergency motions.[2]  (Dkt. #204, #207, and #208.)  The first motion sought to withdraw plaintiff's consent to a Magistrate Judge based on plaintiff's belief that Judge Dooley had promised the plaintiff that the new Judge would honor the original trial date (April 2024). (Dkt. #204.)  Plaintiff argued that he relied on this promise in making the decision to consent to a Magistrate Judge.  This issue, along with scheduling, was discussed and clarified during the status conference on March 18.  (Dkt. #211.)  The transcripts of the hearings that were held before Judge Dooley showed that Judge Dooley did not make the promise that plaintiff believed she made. (Dkt. #211.)  However, endeavoring to accommodate plaintiff, the Court scheduled a trial on the earliest available date, May 20, 2024, keeping in mind that the Hartford Jury Clerk would need sufficient time to send out jury notices and receive responses.[3]  Defense counsel objected to the trial date of May 20 due to his trial schedule, but the Court opted to go with this date despite objection, in order to accommodate plaintiff's concern. (Dkt. #211.)

---

[2] It is notable, as will be shown herein, that plaintiff routinely files motions designated as emergencies.

[3] The Court notes that although Judge Dooley had once scheduled jury selection for April 2, 2024, Judge Dooley sits in Bridgeport and the undersigned sits in Hartford.

3

Thereafter, the undersigned denied plaintiff's emergency motion to appoint counsel to represent plaintiff.  As reiterated in the Court's ruling, plaintiff had previously been granted *pro bono* counsel in this case.  However, due to a misunderstanding on plaintiff's part, which Judge Dooley attempted to clarify for plaintiff, plaintiff requested that his appointed counsel withdraw from the case.[4] (Dk. #215.)  Finding that plaintiff had failed to raise any new or compelling reason to alter Judge Dooley's previous ruling, the undersigned denied plaintiff's motion for appointment of counsel.[5]

Additionally, during the conference call on March 18, 2024, the undersigned reminded all parties of the approaching deadline for filing the JTM (April 5, 2024).  However, plaintiff failed to communicate with defense counsel and did not provide any of the information he was required to supply for the JTM.  Due to plaintiff's *pro se* status, the undersigned accommodated plaintiff and ordered him to provide his portion of the JTM by

---

[4] Importantly, as outlined in this Court's ruling on the motion to appoint counsel, Judge Dooley clearly and unequivocally warned plaintiff on the record that if he was unable or unwilling to work with his appointed counsel, plaintiff would have to represent himself because Judge Dooley would not appoint new counsel. (Dkt. #215.)

[5] It should be noted that after Judge Dooley denied plaintiff's motion for appointment of counsel, plaintiff filed an emergency motion for reconsideration (dkt. #179), which Judge Dooley denied.  The denial was based in part on the fact that plaintiff did not provide any reason that would warrant reconsideration. (Dkt. #182.)  Plaintiff's motion in March of 2024 relied on the same arguments that were made to Judge Dooley.

April 19, 2024. (Dkt. #218.)  The Court expressly cautioned plaintiff that failure to comply would jeopardize the Court's ability to hold the trial as scheduled on May 20, 2024. (Dkt. #218.)  Plaintiff did not submit his portion of the JTM by the extended deadline of April 19, 2024, nor did plaintiff request an extension of time or explain his failure to comply with the JTM.[6]  In fact, plaintiff did not communicate at all with the Court.  In an effort to finalize the JTM and keep plaintiff's requested trial date on the calendar for May 20, 2024, the undersigned scheduled a telephonic status conference for April 24, 2024. (Dkt. #219.)  However, plaintiff failed to attend the telephonic conference.  Plaintiff never informed the Court that he was supposedly unavailable for the status conference and never filed a motion to continue the status conference.  As a courtesy to plaintiff, the undersigned waited 15 minutes before joining the conference call.  After joining the call, the undersigned asked defense counsel if they had any communication with plaintiff recently.  Defense counsel disclosed that on April 17, 2024, plaintiff had sent a communication asking if defendant wanted to reengage in settlement discussions.[7]  (Dkt.

---

[6] The Court notes that the plaintiff knows how to request extensions of time and has done so on many occasions in this litigation. (Dkt. #27, 41, 52, 55, 57, 69, 86, 94, 99, 107, 116, 120, 128, and 138.)

[7] The undersigned notes that the plaintiff has not had any communication with the Court since March 25, 2024.  Plaintiff has never explained his failure to attend this conference call.

5

#222.)  During the call, defense counsel made an oral motion to postpone the trial that was scheduled for May 20, 2024, noting that defense counsel had another trial on the horizon and wanted to be able to prepare for that trial if the plaintiff was no longer interested in going to trial on May 20.  The undersigned granted the motion.[8]  (Dkt. #222.)

In an effort to set a new trial date and new deadline for plaintiff to comply with the JTM, the undersigned scheduled another telephonic status conference for May 7, 2024. (Dkt. #222.) Plaintiff once again failed to appear for the scheduled status conference or otherwise communicate with the Court in any way.[9]  After waiting for plaintiff to appear, the undersigned asked his law clerk to reach out to plaintiff via telephone and e-mail.  The law clerk's telephone call went straight to voicemail which was full.  Immediately thereafter, the law clerk sent an e-mail to plaintiff, but plaintiff never responded. After making these efforts to contact plaintiff, the undersigned

---

[8] While the Court granted the defense motion to postpone the trial to avoid leaving defense counsel in a holding pattern, it is worthy of mention that given the time frame at issue and the plaintiff's total failure to provide the Court or opposing counsel with proposed voir dire questions, proposed jury instructions, a witness list, or an exhibit list, the Court was likely to postpone the trial *sua sponte* given the inability to prepare for a trial without that necessary information.

[9] Plaintiff had not been reluctant to contact the Court via telephone on many different occasions, when the case was with Judge Dooley or with the undersigned.

joined the 2:00 PM conference call at 2:15 PM and asked opposing counsel if they had any contact with plaintiff. (Dkt. #222.) Defense counsel informed the undersigned that they had not heard anything from plaintiff since prior to the last status conference.  (Dkt. #227.)  Thereafter, the Court posted an order on the docket which warned plaintiff, "that continued failure to adhere to Court orders and/or failure to prosecute your case, may result in dismissal of the case." (Dkt. #227.)

Since plaintiff had failed to comply with his portion of the JTM, had missed three consecutive hearing[10], and had not communicated with the Court in more than a month, the undersigned scheduled another telephonic status conference for May 16, 2024 for the express purpose of determining whether plaintiff still wanted to continue prosecuting this case. (Dkt. #228.)  Plaintiff did not attend this conference or communicate in any manner with the Court.  Once again, the undersigned had a law clerk call plaintiff's cell phone and the call went directly to plaintiff's voicemail, which was full.  To this day, plaintiff has not indicated whether he is still interested in pursuing this case.  Since the Court has not heard or received anything from plaintiff since March 25, 2024, and plaintiff has

---

[10] Following plaintiff's failure to file his portion of the JTM and failure to appear for the telephonic conference set for April 24, 2024, defendant filed an initial motion to dismiss on May 3, 2024.  (Dkt. #224.)  The pending motion to dismiss, which was amended to include a notice to pro se parties, was filed on May 7, 2024. (Dkt. #226.)

7

not objected to defendant's motion to dismiss, the Court can only assume that the plaintiff is no longer interested in pursuing this case.

## II. Legal Standard

Rule 41(b) of the Federal Rules of Civil Procedure provides that:

> If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it. Unless the dismissal order states otherwise, a dismissal under this subdivision (b) and any dismissal not under this rule-- except one for lack of jurisdiction, improper venue, or failure to join a party under Rule 19--operates as an adjudication on the merits.

Fed. R. Civ. P. 41. In assessing a motion made under Rule 41, the Second Circuit Court of Appeals has provided five factors to be considered by the Court. Those factors are:

> (1) the duration of the plaintiff's failure to comply with the court order, (2) whether plaintiff was on notice that failure to comply would result in dismissal, (3) whether the defendants are likely to be prejudiced by further delay in the proceedings, (4) a balancing of the court's interest in managing its docket with the plaintiff's interest in receiving a fair chance to be heard, and (5) whether the judge has adequately considered a sanction less drastic than dismissal.

Lucas v. Miles, 84 F.3d 532, 535 (2d Cir. 1996). While the Second Circuit made clear in *Lucas* that there is not an explicit requirement that "the court discuss the factors on the record, a decision to dismiss stands a better chance on appeal if the

appellate court has the benefit of the district court's reasoning." Id.

### III. Discussion

As for the first factor under Rule 41(b), the period of plaintiff's non-compliance, plaintiff has not appeared for a scheduled Court matter before the undersigned since March 18, 2024 and has missed the deadline and extended deadline for submitting his portion of the JTM. In addition, plaintiff has not filed anything on the docket since March 25, 2024. To this day, plaintiff has made no effort to contact the Court to explain or rectify his failure to comply with court orders or failures to attend hearings.

Notably, the Court is aware that plaintiff has another case pending before Judge Dooley. *See* Conquistador v. Martin et al, 19-cv-1965 (KAD). In that case, the plaintiff, proceeding *pro se*, failed to appear for a scheduled status conference on April 25, 2024. *Id.* at dkt. #189. Indeed, during that conference, plaintiff was contacted by Judge Dooley's chambers via telephone and was provided the call-in instructions, yet he failed to dial in or otherwise connect to the call. *Id*. Plaintiff also failed to appear for a status conference with Judge Dooley on May 2, 2024. *Id.* at dkt. #192.

While the undersigned was only recently assigned this case, it is worth noting, as stated in the defendant's motion to

9

dismiss, that plaintiff has previously missed other deadlines in this case. Notably, plaintiff sought numerous extensions of time related to defendant's motion for summary judgment. (Dkt. #226-1 at 4.) Defendant notes that many of those requests were filed *nunc pro tunc* and that even in light of the amount of time allowed by the Court, plaintiff never filed a written opposition to the motion.

The second factor for the Court to consider under Rule 41(b) is whether the plaintiff was on notice of possible dismissal. As articulated above and shown by numerous docket entries, the plaintiff has been on notice, in both this case and the case that is pending before Judge Dooley, that non-compliance and failure to prosecute could result in the dismissal of his case.

The undersigned cautioned plaintiff that "[f]ailure to provide a trial memo may impact the ability of the Court to hold the trial on the scheduled date." (Dkt. #218.) Further, on May 7, 2024, following plaintiff's continued absence, the Court cautioned that "**continued failure to adhere to Court orders and/or failure to prosecute your case, may result in dismissal of the case.**"[11] (Dkt. #227)(emphasis in original). Still more

---

[11] The Court notes that on May 3, 2024, the defendant filed a motion to dismiss plaintiff's case due to plaintiff's failures to comply with court orders and failures to appear at hearings. (Dkt. #224.) Thus, when plaintiff failed to appear at the conferences on May 7 and 16, he would have been aware that there was a motion to dismiss pending at the time.

10

pointedly, on May 9, 2024, the undersigned informed plaintiff that a telephonic conference was scheduled for the specific purpose of determining if the plaintiff wanted to continue pursuing this case. (Dkt. #228.) That order further stated that "plaintiff is reminded that continued failure to abide by court orders and deadlines, or otherwise communicate with the Court, could result in the dismissal of this action." (Dkt. #228.) Plaintiff did not appear for the conference and has not filed anything which suggests that he is still interested in pursuing this case.

Even in light of these many warnings, and the warnings provided by Judge Dooley, plaintiff has not communicated with the Court in any manner and has also failed to file any objection to the defendant's Motion to Dismiss by the required deadline. (Dkt. #226.) Given plaintiff's failure to respond to these warnings and the pending motion to dismiss, it is more than reasonable to believe that plaintiff understands and appreciates that dismissal is inevitable.

Third, a court must determine whether the defendant would be prejudiced by further delay. The defendant altered its schedule to try the case on plaintiff's preferred date and had to appear for three separate status conferences that plaintiff elected not to attend. During this time, defense counsel was juggling an already busy trial schedule and preparing for trial.

11

Allowing this case to proceed to trial would require plaintiff to explain his absence and his failures to attend hearings or communicate with the Court – something plaintiff has not attempted to do for more than a month. Given plaintiff's non-participation in this case and Judge Dooley's case and plaintiff's repeated failures to comply with court orders in both cases, there is no assurance that if plaintiff re-surfaced, he would not disappear again. As defendant has noted, this case has been pending for four years, in part due to the continued delay of plaintiff. The Attorney General's office is a busy state agency in need of some level of assurance regarding a trial schedule. The Court has determined that continuing this litigation would hamper counsels' ability to properly manage their remaining obligations.

Finally, under Rule 41, a court must consider a balance between its desire to manage its docket and the plaintiff's interest in getting a fair chance to be heard. To date, the undersigned committed a large amount of time to get up to speed on this matter in short order to give plaintiff the expedited trial he demanded. Plaintiff has been given wide latitude in his approach to this case. Even taking into consideration his *pro se* status, the plaintiff has had ample opportunity to litigate this case. The only reason this case has not proceeded to trial is because of plaintiff's conduct. More specifically,

plaintiff did not comply with his portion of the JTM or the extended deadline and then subsequently failed to appear at multiple hearings.  Plaintiff has had no communication with the Court in more than a month, despite the fact that the Court specifically asked if he was interested in continuing to pursue this case.  The plaintiff has never attempted to explain his non-participation or failures to comply with court orders or his failures to appear at hearings.

Finally, the Court has considered the option of imposing lesser sanctions in this case, but plaintiff's complete absence and disregard for court orders would render any lesser sanction insufficient.  It bears repeating that plaintiff has never attempted to explain his failures to comply with court orders and has had no communication with the Court in more than a month.  Plaintiff has made no apparent effort to change or correct his behavior.

**IV.   Conclusion**

To be clear, the Court would much prefer to have all matters determined and decided on the merits and the Court endeavored to have this case decided on the merits by making accommodations for plaintiff.  However, plaintiff has essentially eliminated that option at this point.  For the reasons stated herein, principally plaintiff's continued flagrant non-compliance with court orders and deadlines and

13

complete failure to communicate with the Court, Defendant's motion to dismiss is GRANTED.[12]

This is not a Recommended Ruling. The consent of the parties allows this magistrate judge to direct the entry of a judgment of the district court in accordance with the Federal Rules of Civil Procedure. Appeals can be made directly to the appropriate United States court of appeals from this judgment. See 28 U.S.C. § 636(c)(3).

SO ORDERED at Hartford, Connecticut this 29th day of May, 2024.

_____/s/_____
Robert A. Richardson
United States Magistrate Judge

---

[12] It should be noted for the record that the deadline for objecting to defendant's motion to dismiss has expired and plaintiff has not filed an objection.